# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**PHILLIP DEWAYNE STEWART**　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #151956**

v.　　　　　　　　　No: 3:20-cv-00052 KGB-PSH

**M. BREWER**　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Phillip Dewayne Stewart filed a complaint pursuant to 42 U.S.C. § 1983 on February 10, 2020. Doc. No. 1. He filed an application to proceed *in forma pauperis* on February 19, 2020. Doc. No. 3. Stewart is an inmate at the North Central Unit in the Arkansas Department of Correction. He is a three-striker under

the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The three-strikes provision requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Stewart has more than three strikes. Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Stewart has strikes in the following cases: *Stewart v. Hobbs, et al.,* No. 5:13-cv-00381-JLH (E.D. Ark.); *Stewart v. Evans,* No. 5:16-cv-00081-DPM (E.D. Ark.)*; Stewart v. Griffen, et al.,* No. 4:17-cv-00579-BRW (E.D. Ark.); *Stewart v. Hobbs, et al.,* No. 6:15-cv-6023 (W.D. Ark.); *and Stewart v. Murphy, et al.,* No. 6:14-cv-6077 (W.D. Ark.). As a three-striker, Stewart must show that he was in imminent danger of serious physical injury at the time he filed the complaint in order to proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is

a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Stewart alleges that Law Library Supervisor M. Brewer failed to protect his privacy by informing another inmate that she had given Stewart certain information. Doc. No. 1 at 4 & 6. Stewart indicates that Brewer's disclosure may put him at harm or cause him to be attacked, but he does not explain why. He expresses a general fear that future library requests made by him could be revealed to other inmates and put him in danger. Stewart's general fear and speculation do not demonstrate that he is in imminent danger of serious physical injury or at genuine risk of an ongoing physical injury. Accordingly, he may not proceed in this case *in forma pauperis.*

IT IS THEREFORE RECOMMENDED THAT:

1. Stewart's motion for leave to proceed *in forma pauperis* (Doc. No. 3) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Stewart be given thirty days to reopen the case by paying the $400 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 20th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE